**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FEB 2 7 2003

CLERK

LEONARDO SANTOS,

    Applicant,

v.                                                      No. CIV-02-1248 JP/KBM

GARLAND JEFFERS,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint[1] under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts two claims, one for the Bureau of Prisons' unconstitutional delegation

---

[1]   The complaint, which challenges the conditions of Plaintiff's confinement, was originally filed as an application for writ of habeas corpus under 28 U.S.C. § 2241.

of authority by placing inmates in private prisons, and another for denial of participation in statutory programs.   Plaintiff alleges that he is eligible for drug abuse programs under 28 C.F.R. §§ 550.54(a)(1) and 550.58, and a furlough program under 28 C.F.R. § 570.42.   He claims that the Bureau of Prisons ("BOP") systematically excludes aliens, including Plaintiff, from these programs, in violation of certain constitutional protections.   Plaintiff does not specify the relief sought.

No relief is available on Plaintiff's claim for placement in a private prison. "[T]he fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim. . . ." *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992).   Nor is relief available on Plaintiff's claim for denial of participation in certain BOP programs.   Nothing in the cited regulations implies that inmates have a liberty interest in these programs. *Cf. Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992) (no liberty interest in pre-release programs); *see also Brown v. Gross*, No. 95-3404, 1996 WL 218345, at **2 (10th Cir. May 01, 1996) (same).   Petitioner has no constitutional entitlement to participate in these programs, and his complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and this action is DISMISSED.

UNITED STATES DISTRICT JUDGE